Amy E. Clark Kleinpeter, State Bar Number 223491
Clark Kleinpeter Law
630 E. Main St. #67
Alhambra, CA 91801
Telephone: (626) 507-8090
Fax: (626) 737-6030
Email: amyck1@gmail.com

Attorney for Robert Westre, Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Westre, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>Diaz & Associates, Inc., a Nevada corporation, Victor Diaz, an individual, Juan Viveros, an individual, and Does 1-10,<br><br>    Defendants. | Case No. 2:09-cv-07049-GAF-AN<br><br>FIRST AMENDED COMPLAINT FOR<br>  1. VIOLATING FAIR DEBT COLLECTION PRACTICES ACT<br>  2. INVASION OF PRIVACY<br><br>AND DEMAND FOR JURY TRIAL |

1. This is an action for actual and statutory damages brought by Plaintiff Robert Westre, an individual consumer, against Defendants Diaz & Associates, Inc., Victor Diaz, and Juan Viveros for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

//

//

//

FIRST AMENDED COMPLAINT FOR VIOLATING FAIR DEBT COLLECTION PRACTICES ACT AND INVASION OF PRIVACY AND DEMAND FOR JURY TRIAL

1

### Jurisdiction

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 29 U.S.C. § 1367 and rule 18(a) of the Federal Rules of Civil Procedure.

### Parties

3. The plaintiff, ROBERT WESTRE ("Plaintiff" or "Mr. Westre") is a natural person.

4. Defendant DIAZ & ASSOCIATES, INC., ("Diaz & Assoc.") was, at all times relevant to this complaint, an entity engaged in the business of collecting debts. Diaz & Assoc. is and at all times relevant was, a corporation with principal place of business in Orange County, California and incorporated in Nevada.

5. The conduct of defendant Diaz & Associates was carried on by and through its authorized agents, including employees, owners, officers, directors, managers and supervisors.

6. Defendant VICTOR DIAZ ("Diaz") is a natural person. Diaz was, at all times relevant to this complaint, engaged in the business of collecting debts. Diaz is the principal owner of Diaz & Assoc.

7. Defendant JUAN VIVEROS ("Viveros") is a natural person. Viveros was, at all times relevant to this complaint, engaged in the business of collecting debts as an employee of Diaz & Assoc. and his actions, both in and outside of his workplace, were as the agent and/or employee of Diaz & Assoc, and Mr. Viveros' conduct herein alleged was encouraged, solicitied, authorized and/or ratified by Victor Diaz and Diaz & Assoc.

8. The true names and capacities of the defendants sued herein as DOES 1-10, inclusive, are presently unknown to plaintiff.

9. Diaz & Assoc., Diaz, and Viveros shall be referred to sometimes in this complaint as "Defendants".

//

FIRST AMENDED COMPLAINT FOR VIOLATING FAIR DEBT COLLECTION PRACTICES ACT AND INVASION OF PRIVACY AND DEMAND FOR JURY TRIAL

2

### Facts Supporting Plaintiff's Claim

10.     The Defendants have engaged in a campaign of debt collection abuse aimed at Robert Westre.

11.     The debt collection abuse includes, but is not limited to harassing Robert Westre by telephone in a attempt to collect a debt; engaging in the Unauthorized Practice of Law ("UPL") in attempting to collect a debt; failing to disclose to Mr. Westre his thirty day validation rights under the FDCPA; communicating with Mr. Westre at his place of employment despite knowing or having reason to know that this was a time and place both inconvenient and embarrassing for him; communicating with third parties while attempting to collect debt, including Mr. Westre's supervisor and employers.

12.     The communication with third parties about Mr Westre's private financial affairs included communications made while Defendants were at their workplace location as well as outside of work. This "twenty-four, seven" attack on Mr. Westre went beyond the practice of harassing phone calls made to a consumer who owes a debt as Diaz & Assoc. employees kept up the harassment even in their off-work hours, creating a full-bore assault on Mr. Westre's privacy and right to live free from harassment.

13.     This assault n Mr. Westre included calls from Mr. Diaz to Mr. Westre's coworkers, calls from Mr. Diaz to the co-owners of Mr. Westre's employer, and one-on-one conversations between Diaz's employee Juan Viveros and Mr. Westre's supervisor outside of work. Mr. Westre was made to feel he could not escape the campaign of harassment generated from a debt buyer who unfortunately operated in the same town where he lived.

14.     Mr. Westre was first contacted by Ellis, a debt collector employee at Diaz & Associates, in a phone call. Ellis spoke to Mr. Westre two-three times over a span of a few weeks regarding debt Mr. Westre allegedly owed to Chase Bank that had been purchased by

FIRST AMENDED COMPLAINT FOR VIOLATING FAIR DEBT COLLECTION PRACTICES ACT AND INVASION OF PRIVACY AND DEMAND FOR JURY TRIAL

3

Diaz & Assoc. Ellis did not inform Mr. Westre that he was calling from a debt collection company and that information provided would be used in the collection of that debt.

15. Victor Diaz then called Mr. Westre on his cell phone and left a message. Mr. Dias failed to state thathe was calling from a debt collection company and that information provided would be used in the collection of that debt. Mr. Westre called Mr. Diaz back and the two had a conversation regarding potential settlement.

16. On March 18, 2009 (day after St. Patrick's Day) Mr. Westre's manager Thomas Moores came to talk to him at work. "Tommy" Moores told Mr. Westre that he had been out for the evening with some acquaintances, including Juan Viveros, and Mr. Viveros had been talking about Mr. Westre's alleged debt to everyone, stating that Mr. Westre had a "moral obligation to take care of" the debt.

17. Mr. Moore had not inquired about Mr. Westre or his alleged debt, rather, Mr. Viveros brought up the topic of Mr. Westre's debt as a part of the twenty-four-seven assault on Mr. Westre's privacy and right to live free from harassment.

18. Mr. Moore's report of Mr. Viveros' comments regarding his personal financial situation made Mr. Westre upset, humiliated, embarrassed and stressed. This made it difficult for him to perform at his job and since his pay is base plus commission, that affected his ability to earn a living for himself, his wife and infant baby girl.

19. Victor Diaz then called the two owners of Mr. Westre's place of employment. In strong words, Mr. Diaz informed both gentlemen that Mr. Westre owed him debt, that Mr. Westre needed to pay and if he did not, Mr. Diaz would sue and garnish 25% of Mr. Westre's wages.

FIRST AMENDED COMPLAINT FOR VIOLATING FAIR DEBT COLLECTION PRACTICES ACT AND INVASION OF PRIVACY AND DEMAND FOR JURY TRIAL

4

20. Mr. Westre was called into the office at his place of employment and surprised to find the business owners had been informed of his financial issues. This further upset Mr. Westre and caused him to fear he would be terminated.

21. In addition, Mr. Westre knew these allegations about his moral character and his inability to prevent the harassment from intruding in his workplace were damaging his reputation and would be negative marks against him as he sought to move up in the company.

22. Mr. Diaz continued calling Mr. Westre numerous times at work. If he could not get Mr. Westre's direct line, Mr. Diaz would talk to whomever he could get and ask to be transferred. Because Mr. Westre's workplace was quite open, with cubicles, the other employees all knew what was happening and this furthered Mr. Westre's embarrassment and stress. Mr. Westre repeatedly requested no further calls to work but Mr. Diaz ignored his requests and kept up his threatening calls.

23. Mr. Westre never received any written communications from Defendants and thus never received his notice of this right to request verification.

## FIRST CLAIM FOR RELIEF

### Violating the Fair Debt Collection Practices Act

24. Those paragraphs under the headings "Jurisdiction", "Parties", and "Facts Supporting Plaintiff's Claim" are incorporated by reference.

25. Plaintiff is a "consumer" as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(3).

26. The Debt is a "debt" as defined by FDCPA § 803; codified at 15 U.S.C. § 1692a(5).

27. The Defendants are each a "Debt Collector" as defined by FDCPA § 803; codified at 15 U.S.C. § 1692a(6).

FIRST AMENDED COMPLAINT FOR VIOLATING FAIR DEBT COLLECTION PRACTICES ACT AND INVASION OF PRIVACY AND DEMAND FOR JURY TRIAL

5

28. The Defendants violated the FDCPA in the following ways:

   a. Violations of § 1692b(2) by contacting third parties and informing them that a consumer (Plaintiff) owed a debt;

   b. Violations of § 1692c(a)(3) by contacting consumer (Plaintiff) at Plaintiff's place of employment after being requested not too;

   c. Violations of § 1692c(b) by communicating with persons other than consumer (Plaintiff), consumer's attorney or a credit bureau concerning the alleged debt;

   d. Violations of § 1692d by engaging in conduct the natural consequences of which is to harass, oppress, or abuse, any person in connection with collection of a debt;

   e. Violations of § 1692e(11) by communicating without the warning "This is an attempt to collect a debt" and warning that "communication is from a debt collector;" and

   f. Violations of § 1692g by failing to send 30-day validation notice within 5 days of initial contact.

29. Defendant Juan Viveros specifically violated § 1692b(2) and § 1692d when acting in his role as an employee of and agent for Diaz and Assoc. and participating in the whole-scale harassment of Mr. Westre, including discussing Mr. Westre's debt and moral character with Mr. Westre's supervisor.

30. As a direct and proximate result of defendants' violations of the Fair Debt Collection Practices Act, plaintiff suffered severe mental distress, mental suffering, and/or mental anguish, including fright, nervousness, grief, anxiety, worry, humiliation, and indignity. This led to inability to perform to usual standards at work resulting in decreased earnings and also to stress and strain in his family life.

FIRST AMENDED COMPLAINT FOR VIOLATING FAIR DEBT COLLECTION PRACTICES ACT AND INVASION OF PRIVACY AND DEMAND FOR JURY TRIAL

6

31. As a proximate result of defendants' violations of the Fair Debt Collection Practices Act, plaintiff has suffered damages in an amount to be determined according to proof.

32. Defendants acted with oppression, fraud or malice, thereby entitling plaintiff to punitive damages in an amount according to proof.

## SECOND CLAIM FOR RELIEF

### Invasion of privacy

33. Those paragraphs under the headings "Jurisdiction", "Parties", and "Facts Supporting Plaintiff's Claim," and "FIRST CLAIM FOR RELIEF" are incorporated by reference.

34. Prior to the conduct of individual defendants, and each of them, Mr. Westre was a respected employee, husband, new father and member of the community.

35. On or about February – April 2009, individual defendants, and each of them, violated Mr. Westre's right to privacy by publicly disclosing his private financial affairs to Mr. Westre's coworkers, friends and family, all who heard about his debt problems either first-hand from Diaz and Assoc. employees or from the gossip that resulted from their campaign of harassment. It is an invasion of a person's privacy interest to make public their private personal financial affairs.

36. Individual defendants knew that Mr. Westre's personal financial issues were private matters not to be discussed with third parties in violation of federal and state laws on debt collection as well as against the bounds of human decency. Any consumer debt problems had by Mr. Westre were matters he desired to keep private. Defendants Diaz and Viveros knowingly and intentionally and maliciously violated Mr. Westre's right to privacy surrounding his personal finances.

FIRST AMENDED COMPLAINT FOR VIOLATING FAIR DEBT COLLECTION PRACTICES ACT AND INVASION OF PRIVACY AND DEMAND FOR JURY TRIAL

7

37. There is no reason that Mr. Westre's personal finances could be considered a matter of public import.

38. The disclosures by Mr. Diaz and Mr. Viveros of Mr. Westre's personal debts were offensive and objectionable to Mr. Westre and to any person of ordinary sensibilities as revelations concerning personal financial troubles such as unpaid credit card debts are private matters.

39. Each of these defamatory per se publications concerning Mr. Westre's financial affairs were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff and to intimidate him with a twenty-four-seven campaign of harassment in the hope that such a campaign of harassment would cause Plaintiff to ignore even providing the necessities of life for his young family and instead to pay off the old debt purchased by Diaz & Associates.

40. As a direct and proximate result of disclosures by Mr. Diaz and Mr. Viveros, Mr. Westre suffered injury to his personal, business and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost commissions and future promotions and earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

41. Additionally, as a direct and proximate result of disclosures by Mr. Diaz and Mr. Viveros, Mr. Westre suffered severe mental distress, mental suffering, and/or mental anguish, including fright, nervousness, grief, anxiety, worry, humiliation, and indignity. This led to

FIRST AMENDED COMPLAINT FOR VIOLATING FAIR DEBT COLLECTION PRACTICES ACT AND INVASION OF PRIVACY AND DEMAND FOR JURY TRIAL

8

inability to perform to usual standards at work resulting in decreased earnings and also to stress and strain in his family life.

42.  As a proximate result of defendants' violations of the Fair Debt Collection Practices Act, plaintiff has suffered damages in an amount to be determined according to proof.

43.  Defendants acted with oppression, fraud or malice, thereby entitling plaintiff to punitive damages in an amount according to proof.

WHEREFORE, plaintiff prays for judgment as follows:

1. On the claim for violating the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a), an award of actual (for purposes of a default judgment, Plaintiff demands damages of $150,000) and statutory damages, costs and reasonable attorney's fees;

2. And for such other and further relief as the court deems proper.

### DEMAND FOR JURY TRIAL

Please take notice that the Plaintiff, Robert Westre, demands trial by jury in this action.

By_____
Amy E. Clark Kleinpeter, #223491
Clark Kleinpeter Law
Attorney for Robert Westre, Plaintiff

---

FIRST AMENDED COMPLAINT FOR VIOLATING FAIR DEBT COLLECTION PRACTICES ACT AND INVASION OF PRIVACY AND DEMAND FOR JURY TRIAL

Amy E. Clark Kleinpeter, State Bar Number 223491
Clark Kleinpeter Law
630 E. Main St. #67
Alhambra, CA 91801
Telephone: (626) 507-8090
Fax: (626) 737-6030

Attorney for Robert Westre, Plaintiff

### IN THE CENTRAL DISTRICT COURT FOR THE STATE OF CALIFORNIA

| | |
|---|---|
| Robert Westre, an individual,<br>Plaintiff,<br><br>vs.<br><br>Diaz & Associates, Inc., a Nevada corporation, Victor Diaz, an individual, Juan Viveros, an individual, and Does 1-15,<br>Defendants. | Case No. 2:09-cv-07049-GAF-AN<br><br>PROOF OF SERVICE VIA ECF |

PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

I, AMY E CLARK KLEINPETER, declare:

I am counsel for the plaintiffs in this action. On December 3, 2009, I served the following documents FIRST AMENDED COMPLAINT FOR 1. VIOLATING FAIR DEBT COLLECTION PRACTICES ACT 2. INVASION OF PRIVACY on the other parties in this action via electronic service.

The above-mentioned documents will be delivered electronically through this court's ECF/PACER filing system, as stipulated by all parties to constitute personal service, to the following:

//

//

//

1  Mark E. Ellis                                    Attorneys for all Defendants
   Kimberly Lewellen
2  Ellis, Coleman, Poirier, Lavoie, & Steinheimer LLP
3  555 University Avenue, Suite 200 East
   Sacramento CA 95825
4
       I declare under penalty of perjury that the foregoing is true and correct. Executed on
5  December 3, 2009 at Alhambra, California.

7                          /s/ Amy E. Clark Kleinpeter
8                            Amy E. Clark Kleinpeter